
FILING FEE PAID

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JUN 17 '04 PM 1:49 US?

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| Dolphinite, Inc. | ) | |
| | ) | |
| Debtor | ) | Case No. 04-12657-JNF |
| | ) | |

**MOTION BY CREDITOR KENMORE FINANCIAL FOR RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Kenmore Financial (hereinafter "Kenmore") hereby moves this Honorable Court, pursuant to 11 U.S.C. § 362(d)(1) of the United States Bankruptcy Code, for an Order of Court lifting the automatic stay to allow Kenmore to obtain possession of and exercise its rights under law in certain personal property owned by Dolphinite, Inc. (hereinafter the "Debtor"). In support of its Motion, Kenmore states the following:

1. The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 361-363.
2. On April 1, 2004, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").
3. The Debtor continues to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.
4. No plan of reorganization has been filed.
5. Debtor has settled and is in the process of litigating several lawsuits in which the Plaintiffs contend that the Debtor's boat paints bearing the name "Dolphinite" are defective
6. Kenmore Financial is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 738 Main Street, Suite 244, Waltham, MA 02451.
7. In or around 2001 until prior to the Petition Date, Kenmore loaned, on a revolving credit basis, the Debtor approximately $130,000, secured by a senior lien on all

Debtor's property, and appropriately filed a UCC-1 statement with the Secretary of the Commonwealth (see attached Exhibit A).

8. Kenmore provided additional funds of approximately $30,000 to the Debtor on or about March 31, 2004.

9. The Debtor is in possession of a large amount of inventory including, boat soap, sealant, wax, cleaner, etc. ("Collateral").

10. Ipswich Self Storage currently has a warehouseman's lien on Debtor's property in the amount of $9,000.00.

11. There following are the Debtor's other secured parties with junior liens in the Collateral:

   a. Davis, Malm & D'Agostine, P.C. ($11,472.25)
   b. Brook Venture Fund Limited Partnership ($92,000.00)
   c. Adam Boulay ($439,252.00)
   d. Andrew Bendheim ($300,000.00)

12. The total amount of secured claims against the Debtor, including Kenmore, but excluding Ipswich Self Storage, totals $1,002,724.25.

13. Based on Debtor's cost basis Kenmore believes that the liquidation value of the Collateral is not more than $50,000-$65,000 (40%-50% of the cost of purchasing the goods [$138,000]) and may be substantially less. The maximum value (at retail) is $267,790, hopeful, but unlikely the Collateral would sell for this amount.

14. However, all the Collateral bears the name "Dolphinite" which has little or no value in the marketplace due to the problems caused by the defective paints. The Debtor has no viable means or market credibility to sell the Collateral to either distributors/resellers or the public. It is likely the sale would have to be at reduced or "closeout" prices.

15. The property is not necessary to an effective reorganization.

16. Kenmore is willing to assume the risk of selling the Collateral in the marketplace. There is no equity in the Collateral for Kenmore, but as a safety net to benefit the Debtor's estate and to address valuation concerns, Kenmore has agreed to carve out 5% of the first $50,000 to the Debtor's estate and agrees to pay Ipswich Self Storage's fees *pari pasu* with Kenmore's payout.

17. Kenmore also agrees to carve out an additional 5% out of the second $50,000 received and another 5% if the Collateral sells for more than $100,000, for a total of 15% if over $100,000 is collected.

18. Kenmore's efforts will relieve the Debtor of its continuing storage obligations.

19. Kenmore seeks expedited determination on this Motion as the best opportunity to sell the Collateral comes during the summer season. In order to maximize the value to Kenmore and subsequently, the Debtor's estate, Kenmore needs to sell the Collateral as soon as possible, during the best marketing time.

20. Pursuant to § 362(d)(1) of the Bankruptcy Code, relief from the Automatic Stay is to be granted upon the request of a creditor "for cause, including the lack of adequate protection of an interest in property of such [creditor]." Section § 362(d)(2) of the Bankruptcy Code states that the Court may also grant relief from the Automatic Stay if "(a) the Debtor does not have an equity in such property; and (b) such property is not necessary to an effective organization."

21. There is no other collateral securing Debtor's obligation to Kenmore.

WHEREFORE, Kenmore respectfully requests this Court:

1. Grant Kenmore's Motion for Relief from the Automatic Stay; and
2. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
Kenmore Financial, Inc.
By its Attorney,

John M. McAuliffe
McAuliffe & Associates, P.C.
430 Lexington Street
Newton, MA 02466
(617) 558-6889
BBO# 555109

Dated: 6/15/04

# EXHIBIT A

MA SOC    Filing Number: 200107901330    Date: 12/27/2001 11:42:00 AM

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Jay J. Najarian 781-893-7771

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Kenmore Financial, Inc.
738 Main St., # 244
Waltham, MA  02451

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: Dolphinite, Inc.

1c. MAILING ADDRESS: 19 Mitchell Road    CITY: Ipswich    STATE: MA    POSTAL CODE: 01938    COUNTRY: USA

1d. TAX ID #: SSN OR EIN: 04-3358780    1e. TYPE OF ORGANIZATION: C Corporation    1f. JURISDICTION OF ORGANIZATION: MA    1g. ORGANIZATIONAL ID #, if any: NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - [none]

3. SECURED PARTY'S NAME

3a. ORGANIZATION'S NAME: Kenmore Financial, Inc.

3c. MAILING ADDRESS: 738 Main St., # 244    CITY: Waltham    STATE: MA    POSTAL CODE: 02451    COUNTRY: USA

4. This FINANCING STATEMENT covers the following collateral:

All assets, including but not limited to all now and hereafter acquired accounts, accounts receivable, contract rights, general intangibles, instruments, inventory (including raw material), deposit accounts, notes, drafts, documents, chattel paper, machinery, tax refunds, liens, guaranties, rights and remedies pertaining to any of the foregoing; any and all insurance and/or surety bond proceeds, thereon, to which debtor may be entitled, now or in the future, including, but not limited to, any and all claims, actions, and causes of action, relating thereto; and the right to file and prosecute lawsuits, pertaining thereto, in debtor's name. All present and after acquired lease contracts, or agreements entered into for use by the debtor of any property of the same nature as the foregoing; all furniture, fixtures, good will, equipment, equipment under lease, motor vehicles, patents and trademarks, and all assets, personal or corporate, wherever located, whether now or hereafter owned by debtor; all other personal property, tangible and intangible now owned or hereafter acquired by debtor, and all additions and accessions to, replacement for, and proceeds of the following.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

8724-11-0